## WHITEHEAD et al. v. HOLMES et al.

No. 20433.   Opinion Filed Oct. 20, 1931.

J. E. Whitehead, Vern D. Adamson, and Stephen A. George, for plaintiffs in error.

McQueen & Kidd and Potterf, Gray & Poindexter, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Carter county in favor of the plaintiffs, defendants in error herein, against the defendant, plaintiff in error herein. The parties hereinafter will be referred to as plaintiffs and defendant.

In his brief the defendant waived all assignments of error directed to the jurisdiction, and all other assignments of error "save and except those that bear upon the four propositions herein discussed." Those four propositions are:

"1. That the court erred in overruling the demurrer of defendant to the evidence of plaintiff.

"2. That the court erred in rendering judgment for plaintiffs after they had split their cause of action and theretofore sued and recovered on a part of it.

"3. That the court erred in rendering judgment for plaintiff for taxes alleged to have been paid when there was no proof whatever of the payment of same.

"4. That the court erred in rendering judgment for attorney's fees when attorney's fees had been recovered upon the cause of action in the former suit."

The contention that a former action between the parties based on interest coupons should have been based upon the original notes as well as the interest coupons is without merit. The mortgage contained a provision as follows:

"It is also agreed that the lien of this mortgage as to defaulted interest coupons may be foreclosed for nonpayment of any interest coupon or coupons after any such coupon has become due and in such case the foreclosure may be made by the holder of the defaulted interest coupon, for such coupon and costs and attorney's fee as herein provided, whether such holder is the payee thereof or assignee; and such foreclosure shall be subject to the lien of this mortgage as to the principal debt hereby secured and any interest coupon or coupons not past due at the time of commencement of such foreclosure. Such foreclosure to be in all respects and to have the same effect as a foreclosure of a second lien mortgage."

That provision authorized the procedure followed by the plaintiffs. The cases cited and relied upon by the defendant have no application to a cause wherein the mortgage authorizes the procedure followed by the plaintiffs.

There was ample evidence to sustain the judgment as to the taxes, one of the wit-

nesses having testified, without objection or cross-examination, that the taxes had been paid.

There is no merit in the contention that, since attorney's fees had been allowed in the former suit, no attorney's fees should be allowed in this suit. The mortgage provided for the attorney's fees.

There is ample evidence to sustain the judgment, and the demurrer of the defendant to the evidence of the plaintiffs was properly overruled.

We find no error in the judgment of the trial court, and that judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. HEFNER and CULLISON, JJ., absent.